IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RENEA M. HECT**,

    Plaintiff,

vs.                                                                      No. CIV 99-76 LCS/KBM-ACE

**RAYTHEON COMPANY**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant's Motion for Protective Order *(Doc. 73)*, filed December 8, 1999 and Plaintiff's Second Motion to Compel Production of Documents *(Doc. 76)*, filed December 17, 1999. Judge Leslie C. Smith held a hearing in this matter, and determined that an *in camera* review of certain material should be performed. Judge Smith then asked that I perform this review as the Magistrate Judge to whom discovery matters are referred. I have conducted an *in camera* review of documents submitted by Defendants, and have reviewed the transcript of the examination of Gerard Gasperini by Mr. Weinbrenner. After considering the relevant law, the Court finds that Defendant's Motion for Protective Order is not well taken and it shall be denied. The Court also finds that Plaintiff's Second Motion to Compel is well taken and it shall be granted.

Defendant argues that the information sought by Plaintiff's counsel from Mr. Gasperini is subject to the attorney-client privilege. The attorney-client privilege as interpreted under federal law, rather than state law, applies in this case because Plaintiff's claims are brought under Title VII, 42 U.S.C. § 2000e. *See* Fed. R. Evid. 501. To establish that the attorney-client privilege

applies, Defendant must show that there was a communication between privileged persons for the purpose of seeking, providing or obtaining legal advice, and that the privilege was not waived. *See Motley v. Marathon Oil Co.*, 71 F.3d 1547 (10th Cir. 1995). The party asserting the privilege has the burden of establishing that it applies. *See United States v. Lopez*, 777 F.2d 543, 552 (10th Cir. 1985). The mere fact that an attorney is involved in the communication is not sufficient to show that the communication was for the purpose of seeking, providing or obtaining legal advice. *See Motley*, 71 F.3d at 1551.

After reviewing the transcript of the interview of Mr. Gasperini by Mr. Weinbrenner, only two oral communications from Gasperini could be construed to be "for the purpose of providing legal advice," specifically, Gasperini's response to Question 15 at the bottom of Page 9 and his response to Question 20 at the top of Page 14. Similarly, the only written materials that might contain communications for the purpose of providing legal advice would be the last page of Gasperini's notes and annotations to the discipline recommended on Jan Miele's spreadsheet, which covers essentially the same topics as the aforementioned interview questions. The remainder of the interview by Mr. Weinbrenner, and the rest of Mr. Gasperini's notes, focus on the nature of the investigation into Ms. Hect's allegations and clearly do not involve the type of information that would be privileged.

Although these two written and two oral communications from Mr. Gasperini may have been made for the purpose of providing legal advice, I find that Defendant has waived any privilege as to these communications. Defendant has failed to establish that these communications were made with any expectation that they would be kept in confidence, and to the extent that other Raytheon participants have discussed what transpired at that meeting, the privilege has been

waived.  Further, by raising the affirmative defense that it took prompt remedial action, Defendant has waived the privilege to the extent it is necessary for Plaintiff to obtain sufficient information to effectively respond to the defense. *See, e.g.*, *Brownell v. Roadway Package Sys., Inc.*, 185 F.R.D. 19, 25 (N.D.N.Y. 1999).   The allegedly privileged information is clearly relevant to the affirmative defense.  Balancing any unwaived privilege that might remain against Plaintiff's need to obtain the information, I find that the Plaintiff should be allowed to obtain the sought-after information.

WHEREFORE, IT IS ORDERED that Defendant's Motion for Protective Order *(Doc. 73)* is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Second Motion to Compel *(Doc. 76)* is **granted**.

_____
**KAREN B. MOLZEN**
**United States Magistrate Judge**

**Counsel for Plaintiff:**

Joleen K. Youngers
Almanzar & Youngers, P.A.
Las Cruces, NM

**Counsel for Defendant:**

Neil E. Weinbrenner
Las Cruces, NM

3