## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RENEA M. HECT**,

    Plaintiff,

vs.                                                                     No. CIV 99-76 LCS/KBM-ACE

**RAYTHEON COMPANY**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant's Motion for Partial Summary Judgment on Plaintiff's Allegations of Demeanor of Defendant's Investigator *(Doc. 87)*, filed January 20, 2000. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant law. For the reasons stated in the following opinion, the Court finds that Defendant's Motion is not well taken and it will be denied.

**I. Background**

Defendant Raytheon Company ("Raytheon") moves for partial summary judgment as to Plaintiff's allegations that the harsh interrogation of Plaintiff by Raytheon's investigator violated the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 (a). Plaintiff alleges that after she complained of sexual harassment, Raytheon sent an investigator, Jan Miele, to the White Sands Missile Range work site. According to Plaintiff's Amended Complaint, Miele

> . . . vigorously interrogated Plaintiff. Miele was harsh and demeaning in her comments to Plaintiff. She asked Plaintiff why she didn't kick her co-workers or physically fight back. Miele also tried to get Plaintiff to verbally confront all five of her co-workers in a room to

> hear what would transpire, an event that Plaintiff resisted and found intimidating and offensive. Miele also inquired as to whether Plaintiff had contacted a lawyer.

Amended Complaint *(Doc. 41)* ¶ 32.

Defendant argues that harsh and demeaning interrogation cannot be the basis of a Title VII retaliation action as a matter of law because demeanor and questions are not adverse employment actions. Plaintiff responds by arguing that her claims involve retaliation that occurred directly during the investigation of her allegations of sexual harassment, not merely her supervisor treating her differently after her complaint. Second, Plaintiff argues that the manner in which the investigation is conducted is relevant to establish that Raytheon did not initiate the investigation with a motive to take remedial action, but instead to retaliate against Plaintiff.

## II. Analysis

I note initially that the disposition of this motion will not affect Plaintiff's ability to introduce at trial evidence of the allegedly "harsh and demeaning" nature of the investigation. Plaintiff is correct that the jury must be allowed to examine "the totality of the circumstances" of the investigation to determine if the investigation was motivated by Raytheon's desire to implement prompt remedial measures to the sexual harassment, or if the investigation was "retaliatory, incomplete or bogus" as Plaintiff alleges. *See* Pl.'s Mem. in Response*(Doc. 92)* at 3. Therefore, Plaintiff's second argument is correct, but inapplicable to the motion before the Court.

Defendant's motion recites that it "is not based upon alleged undisputed facts, but involves a pure legal issue." *See* Def.'s Mem. of Auth. *(Doc. 88)* at 1. As such a facial challenge, Defendant's motion does not challenge the sufficiency of the evidentiary underpinnings of any of the allegations in Paragraph 32 of the Amended Complaint. Therefore, although entitled a

"Motion for Summary Judgment," the motion is in essence a motion to dismiss for failure to state a claim under Rule 12(b)(6). Therefore, I must assume the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint to be true and I must view them in the light most favorable to Plaintiff. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

The issue before the Court is essentially whether a "vigorous interrogation" of an employee by an investigator who is "harsh and demeaning," in the course of an employer's internal investigation into the employee's reports of sexual harassment, may rise to the level of prohibited retaliation under Title VII. This appears to be an unresolved issue in the Tenth Circuit, as neither party, nor the Court's own research, has identified a case directly on point. However, at least one other circuit court has held that a harsh interrogation by an employer in response to an EEOC complaint can rise to the level of actionable retaliation. *See Paxton v. Union Nat'l Bank*, 688 F.2d 552, 572 (8th Cir. 1982)*, cert. denied*, 460 U.S. 1083 (1983). Other federal courts have held that seemingly minor actions by an employer that are a direct response to an employee's protected activity violates 42 U.S.C. § 2000e-3 (a). *See McCauley v. Greensboro City Bd. of Educ.*, 714 F. Supp. 146, 152 & n.3 (M.D.N.C. 1987) (citing cases). Furthermore, the Tenth Circuit has stated expressly that the term "adverse employment action" should be given a liberal interpretation in the context of retaliation cases. *See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1264 (10th Cir. 1998).

Defendant points out that a recent Fifth Circuit case, *Webb v. Cardiothoracic Surgery Assoc.*, 139 F.3d 532, 540 (5th Cir. 1998), rejected a plaintiff's contention that rude treatment by a co-worker, after she accused the co-worker of sexual harassment, was actionable retaliation. *Webb* is clearly distinguished from the facts of this case because in *Webb*, there was no allegation

that the employer's investigation itself was harassing or severe. Therefore, the "rude treatment" by the co-worker accused of sexual harassment in *Webb* was not a direct response by the employer to the protected activity. The *Webb* court, therefore, analyzed whether the rude treatment by co-workers was sufficiently severe to constitute a change in the terms and conditions of employment, and concluded that it was not. As indicated above, in those cases where an employer directly initiates a response against an employee who takes protective action, courts are much more likely to find an adverse employment action. There is a strong policy reason for this difference: adverse actions taken by an employer in response to an employee's protected conduct may have a chilling effect on other employees' actions. *See Hashimoto v. Dalton*, 118 F.3d 671, 676 (9th Cir. 1997). The more direct the linkage between the employee's complaint and the alleged adverse action, the more chilling the effect.

In *Gunnell*, the Tenth Circuit concluded that co-worker hostility or retaliatory harassment could be the basis for a retaliation claim if the hostility were sufficiently severe. *See Gunnell*, 152 F.3d at 1264. Defendant does not argue insufficient severity in this motion, choosing instead to make a facial challenge on whether an investigator's hostile interrogation, as a matter of law, can constitute an adverse employment action for purposes of a retaliation claim. Following *Gunnell*, 152 F.3d 1253, *Paxton*, 688 F.2d 552, and the policy rationale presented above, this court concludes that a hostile interrogation by an employer's investigator, if sufficiently severe, can be the basis for a retaliation claim.

WHEREFORE, IT IS ORDERED that Defendant's Motion for Partial Summary Judgment on Plaintiff's Allegations of Demeanor of Defendant's Investigator *(Doc. 87)*, filed

January 20, 2000, is **denied**.

_____
**LESLIE C. SMITH**
**United States Magistrate Judge**

F:\Brian\Opinions\99-76sj2