IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RENEA M. HECT**,

    Plaintiff,

vs.                                                                      No. CIV 99-76 LCS/KBM-ACE

**RAYTHEON COMPANY**,

    Defendant.

## **MEMORANDUM OPINION AND ORDER ON MOTIONS IN LIMINE**

THIS MATTER came before the Court on Defendant's Motion in Limine to Deny Recognition as an Expert Witness *(Doc. 97)*, filed March 23, 2000; Defendant's Motion in Limine Regarding Specific Actions *(Doc. 100)*, filed March 31, 2000; Plaintiff's Motion in Limine to Exclude the EEOC File *(Doc. 104)*, filed April 3, 2000; and Plaintiff's Motion in Limine to Exclude the Testimony of Robert Castenada *(Doc. 108)*, filed April 3, 2000.  The Court has reviewed the motions, the memoranda of the parties, and the relevant law.  The Court also has considered the oral arguments and evidence presented at a hearing held on April 6, 2000.  For the reasons stated in the following opinion, the Court finds that Defendant's Motion in Limine to Deny Recognition as an Expert Witness is well taken and will be granted; Defendant's Motion in Limine Regarding Specific Actions is well taken in part and will be granted in part and denied in part; Plaintiff's Motion in Limine to Exclude the EEOC File is well taken and will be granted; and that Plaintiff's Motion in Limine to Exclude the Testimony of Robert Castenada is well taken in part and it shall be granted in part and denied in part.

**1. Defendant's Motion to Deny Frances F. Williams Recognition as an Expert Witness**

Plaintiff expressed an intent to call Frances F. Williams as an expert witness to offer her opinion as to the adequacy of Defendant's sexual harassment policy, the adequacy of Defendant's sexual harassment training, and the adequacy of Defendant's internal investigation of Plaintiff's claims. Defendant challenges Plaintiff's attempt to recognize Ms. Williams as an expert, arguing that her testimony would not assist the trier of fact and does not possess any of the indicia of reliability set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149-50 (1999).

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

*Daubert* interprets Rule 702 as establishing a two-part inquiry before expert testimony may be introduced. The proffered testimony must be based on the expert's scientific, technical, or other specialized knowledge that establishes a standard of evidentiary reliability, *see Daubert*, 509 U.S. at 589-90, and it must also assist the trier of fact to understand or to determine a fact in issue, *see id.* at 592.

The Court finds that Ms. Williams' testimony would not assist the trier of fact to understand or determine a fact in issue. Plaintiff claims that Ms. Williams' testimony would assist the trier of fact to determine whether Defendant's sexual harassment policy, training, and investigation were adequate so as to entitle the Defendant to the affirmative defense set forth in *Burlington Inds., Inc. v. Ellerth,* 524 U.S. 742, 764-65 (1998) and *Faragher v. City of Boca*

*Raton*, 524 U.S. 775, 807-08 (1998), i.e., that Defendant took prompt and adequate remedial measures. The Court notes that the *Burlington Industries* affirmative defense is only indirectly applicable in this case. The affirmative defense in *Burlington Industries* applied to a situation where an employer is held vicariously liable for sexual harassment promulgated by a supervisor. In the present case, it appears Plaintiff is seeking to hold Defendant liable for sexual harassment promulgated by co-workers; if the co-workers are not supervisory personnel, Plaintiff must still establish some culpable conduct on the part of Defendant. If Plaintiff succeeds in establishing such conduct, it is unclear whether the affirmative defense would shield Defendant from liability.

Even assuming the affirmative defense is applicable to this case, Plaintiff has not established that Ms. Williams' proffered testimony would assist the trier of fact. The affirmative defense consists of two elements: whether the employer exercised reasonable care to prevent and correct harassing behavior, and whether Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities. *See Burlington Inds.*, 524 U.S. at 765. Both of these elements are based on objective criteria ("reasonableness") for the trier of fact to determine. Plaintiff points to alleged inadequacies in Defendant's policies. For example, Plaintiff alleges that the policies were not signed by supervisory personnel, the policies were not disseminated widely, and that Japanese workers should have been questioned as part of an adequate investigation. Plaintiff presents absolutely no reason why Ms. Williams needs to be cloaked with expert authority before these issues can be presented to the jury. I find that the jury can understand the import of these alleged deficiencies if they are presented on either direct examination or cross examination of fact witnesses, without the need for expert testimony.

Furthermore, Plaintiff has not met its burden to establish the reliability of Ms. Williams'

3

proffered testimony. Under *Kumho Tire*, the Court is to employ a flexible test of reliability, using some or all of the *Daubert* factors or other appropriate factors. Defendant argues that Ms. Williams cannot point to any standards in the industry for what constitutes "adequate" policies and investigations. Plaintiff cannot point to any technical literature, peer review, or other measures of reliability that support her theory as to what constitutes adequate sexual harassment policies, training and investigation. I conclude that at best, Ms. Williams would be testifying that Defendant did not meet her own personal standards of adequacy. Standing alone, this is not sufficient to meet the *Daubert* and *Kumho* requirements for reliability. Therefore, Defendant's motion will be granted.

**2. Defendant's Motion Regarding Specific Actions**

Defendant seeks to exclude testimony and other evidence concerning eight specific actions of Plaintiff's alleged harassers that did not involve Plaintiff or that occurred before Plaintiff was employed by Raytheon. Defendant claims that these actions are irrelevant or, if relevant, the risk of unfair prejudice substantially outweighs any probative value. Plaintiff claims that evidence of these actions is admissible to establish Defendant's knowledge that sexual harassment was taking place at Plaintiff's job site or that certain employees were participating in sexual harassment. Alternately, Plaintiff claims that evidence on certain issues is relevant to establish that Plaintiff did not welcome the sexual advances of certain male co-workers.

The Tenth Circuit recognizes that an employer's knowledge of any evidence of sexual harassment similar in nature, and occurring sufficiently near in time, to the alleged harassment of Plaintiff is relevant to the issue of whether an employer may be liable for the conduct of its

4

employees. *See Hirase-Doi v. U.S. West Communications, Inc.*, 61 F.3d 777, 784 (10th Cir. 1995). In the context of this case, Plaintiff is alleging that the extensive sexual misconduct at Plaintiff's job site was so pervasive that Defendant must have been on actual notice of it or, in the alternative, must have turned a blind eye to the situation. Plaintiff also alleges that the offensive conduct of Fernando Cadena was so pervasive that it rose to the level of being "habitual."

I find that evidence of incidents numbered two through seven in Defendant's motion may be relevant and admissible with a proper foundation. Although some of the incidents involving Cadena occurred years before the events in question in this case, they tend to be probative of whether there was a continuing pattern of misconduct by Cadena over the years of which Raytheon management had notice.

I come to a different conclusion regarding incidents numbered one and eight. Incident one occurred off the job site, and Plaintiff does not allege that Raytheon had notice of it. Although Plaintiff claims that the incident is probative of the "unwelcomeness" of the advances, I find that the incident is dissimilar to any of the alleged harassment that took place on the job site. Incident eight concerns whether any of the alleged harassers went to "strip joints" on their own time. Although I find that extensive on-the-job discussions of the activities that took place at "strip joints" are relevant, the mere fact that the alleged harassers went to strip joints on their own time is not.

To the extent appropriate, the Court would invite a cautionary or limiting instruction from Defendant if Plaintiff seeks to introduce evidence on these topics at trial. The Court also emphasizes that these rulings are subject to modification at trial depending on how the evidence develops on the issues to which they relate.

### 3. Plaintiff's Motion to Exclude Evidence from the EEOC File

At the April 6, 2000 hearing on this motion, it appeared that the parties stipulated on the record that neither party would introduce any portion of the EEOC file for any purpose. If the Court misunderstood the parties on this point, the parties may bring this matter to the Court's attention by filing an appropriate motion.

### 4. Plaintiff's Motion to Exclude Testimony of Robert Castenada

Plaintiff alleges that she has been prejudiced by Defendant's failure to disclose the identity of this witness before discovery concluded. The Court has provided Plaintiff with relief in the form of an order, entered on the record at the April 6, 2000 pretrial conference, that directs Defendant to arrange for a deposition and/or interview of Mr. Castenada by Plaintiff at Plaintiff's convenience. The Court finds this relief to be sufficient at this time.

WHEREFORE, IT IS ORDERED that Defendant's Motion in Limine to Deny Recognition as an Expert Witness *(Doc. 97)*, filed March 23, 2000, is **granted**. Frances F. Williams is denied recognition as an expert witness.

IT IS FURTHER ORDERED that Defendant's Motion in Limine Regarding Specific Actions *(Doc. 100)*, filed March 31, 2000, is **granted in part and denied in part**. Evidence relating to incident number one in Defendant's motion shall not be admitted at trial. Evidence relating to whether any of the alleged harassers went to topless clubs or "strip joints" shall not be admitted at trial, but evidence of on-the-job discussions of such activities may be admitted at trial assuming a proper foundation.

IT IS FURTHER ORDERED that by stipulation of the parties, Plaintiff's Motion in Limine to Exclude the EEOC File *(Doc. 104)*, filed April 3, 2000, is **granted**. Neither party shall introduce any portion of the EEOC file at trial for any purpose.

IT IS FINALLY ORDERED that Plaintiff's Motion in Limine to Exclude the Testimony of Robert Castenada *(Doc. 108)*, filed April 3, 2000, is **granted in part and denied in part**. Mr. Castenada may testify at trial, but Defendant shall arrange for Mr. Castenada to be interviewed or deposed by Plaintiff's counsel prior to trial at a time and place convenient to Plaintiff's counsel.

 

**LESLIE C. SMITH**
**United States Magistrate Judge**

F:\aaMagistrateJudge\99-76limine